UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY LEE ALLEN JR.,

Plaintiff,

v.

A.W. HARRIS, MONTGOMERY, ANDA, AMESCUA, ALDAVA, and SIERRA CONSERVATION CENTER,

Defendants.

Case No. 1:22-cv-00688-HBK (PC)

ORDER STRIKING IMPROPER PLEADINGS

(Doc. Nos. 11, 14, 17, 19)

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT TO THE EXTENT SET FORTH HEREIN

(Doc. No. 18)

This matter comes before the Court upon periodic review of the file. Pending before the Court are several pleadings filed by Plaintiff Anthony Lee Allen Jr. These include a petition, (Doc. No. 11), a lodged amended complaint, (Doc. No. 14), exhibits, (Doc. No. 17), a motion to amend the complaint, (Doc. No. 18), and a supplemental complaint and exhibits, (Doc. No. 19). A filing labeled "First Amended Complaint" filed on August 5, 2022, which is in fact Plaintiff's second amended complaint (Doc. No. 12, "SAC") and was filed in response to the Court's July 26, 2022, Screening Order, is hereby deemed the operative complaint and will be screened by separate order. For the reasons set forth below, the court grants Plaintiff's motion to amend, to the extent the Court this same day screened Plaintiff's SAC and directing Plaintiff an opportunity to file a third amended complaint. Further, the Clerk of Court will direct the Clerk to strike the other improperly filed pleadings.

////

**A. Petition** (Doc. No. 11)

Plaintiff filed a pleading entitled "Petition for discrimination, targeting and retaliation seeking punitive damages." (Doc. No. 11). In it, Plaintiff describes a disciplinary violation, which he claims was issued without his knowledge, that made him ineligible for a "gate pass" and "Camp." (*Id.* at 1-2). Plaintiff attaches to his petition copies of the related grievances and the institutional responses. (*Id.* at 3-12). To the extent this disciplinary violation constitutes a claim related to the claims initially raised in the Complaint, Plaintiff should include it in his third amended complaint.

Nonetheless, a petition is not among the pleadings recognized by the Federal Rules. *See* Fed. R. Civ. P. 7(a). Moreover, "[a] request for a court order must be made by motion[,]" "state with particularity the grounds for seeking the order[,]" and "state the relief sought[,]" all which Plaintiff's Petition fails to do. *See* Fed. R. Civ. P. 7(b). Because Plaintiff's pleading fails to comport with this Court's procedural rules and local rules of which Plaintiff was advised, the Court will order it stricken. (*See* Doc. No. 2 at ¶¶ C, E, F advising pro se prisoner of Fed. R. Civ. P. 7, Local Rules 131, 133).

**B. Amended Complaint** (Doc. No. 14)

After filing his SAC in response to the Court's Screening Order, Plaintiff lodged a third amended complaint that was not authorized by this Court. (Doc. No. 14, "TAC"). Under Rule 15, a party "may amend its filing once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may strike a pleading in its entirety if it represents or contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Plaintiff lodges his TAC without seeking leave of Court or obtaining the opposing party's consent. In it, Plaintiff seeks to "correct and clarify the Original Complaint for this civil lawsuit . . . remove (2) defendants . . . and amend my relief." (Doc. No. 14 at 3). Contrary to Plaintiff's assertion, the lodged TAC does not clarify or correct any of the deficiencies in Plaintiff's initial

Complaint. It only removes two Defendants and alleges a new basis for punitive damages, claiming that Plaintiff should be compensated for the income he lost by not being admitted to CDCR's firefighting program and the humiliation he suffered as a result. (*Id.*). Notably, Plaintiff continues to seek monetary damages for mental and emotional injuries unaccompanied by any physical injury, despite the Court advising him that doing so is barred by statute. (Doc. No. 10 at 4). Because Plaintiff's lodged TAC was filed without consent or leave and contains no new information to remedy the deficiencies of his initial Complaint the Court will order it stricken from the record. *See Martinez v. I.R.S.*, 2015 WL 1221351 (D. Nev. March 15, 2015). As noted, the Court this same day issued a screening order on the SAC and afforded Plaintiff a final opportunity to file a third amended complaint.

**C. "Exhibit" and "Supplemental Complaint and Exhibits"** (Doc. Nos. 17, 19)

Plaintiff also filed two pleadings that consist of brief letters addressed to the Court, followed by copies of grievances and responses he received from prison officials. For the reasons set forth below, the Court will order both pleadings stricken.

1. Doc. No. 17

In the pleading entitled "Exhibit" (Doc. No. 17) Plaintiff requests to file copies of a grievance he filed alleging retaliation by the mailroom at his facility, the responses to his grievance and appeals, as well as a denial of a visit approval request. (Doc. No. 17 at 1-2). Liberally construed, Plaintiff contends these documents reflect retaliation he is facing because of filing the instant civil rights lawsuit. (*Id.* at 2).

As Plaintiff was advised at the outset of this litigation:

> The Court will not serve as a repository for evidence. The parties may not file evidence (prison, disciplinary or medical records, witness affidavits, etc.) with the Court until it becomes necessary to do so in connection with a motion for summary judgment, trial or the Court requests otherwise. Evidence improperly submitted to the Court may be stricken/returned.

(Doc. No. 2 at 3, ¶ J). Accordingly, Plaintiff's Exhibit will be ordered stricken because Plaintiff has submitted evidence that is unrelated to a motion for summary judgment, trial, or Court

request. Furthermore, to the extent the Court construes Plaintiff's Exhibit as a motion, it is deficient because it fails to comport with this Court's procedural rules and local rules of which Plaintiff was advised. (*See* Doc. No. 2 at ¶¶ C, E, F advising pro se prisoner of Fed. R. Civ. P. 7, Local Rules 131, 133).

2. Doc. No. 19

In the pleading titled "Supplemental Complaint and Exhibits[,]" (Doc. No. 19), Plaintiff again requests the Court to file copies of prison grievances he filed. The grievances involve Plaintiff's claim that poor Wi-Fi at the prison has made it impossible to use prison-provided tablets for which he pays a subscription, and for which Plaintiff claims he is being unfairly charged in full despite the prison's "technical difficulties." (*Id*. at 2). Again, Plaintiff seeks to file with the Court exhibits that are unrelated to a motion for summary judgment, trial, or a court request, and in fact are unrelated to any claim previously brought in this action. As noted above, the Court does not serve as a repository for evidence and may strike a pleading in its entirety if it represents or contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Furthermore, to the extent the Court construes Plaintiff's Exhibit as a motion, it is deficient because it fails to comport with this Court's procedural rules and local rules of which Plaintiff was advised. (*See* Doc. No. 2 at ¶¶ C, E, F advising pro se prisoner of Fed. R. Civ. P. 7, Local Rules 131, 133). Accordingly, for the reasons set forth above, the Court will order Plaintiff's "Supplemental Complaint and Exhibits" stricken from the record.

**D. Motion to Amend** (Doc. No. 18)

Finally, Plaintiff filed a Motion to Amend in which he seeks to add two Defendants to his lawsuit and, to the extent discernible, add a retaliation claim against these two additional Defendants. (*See generally* Doc. No. 18).

Under Rule 15, a party "may amend its filing once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend generally is inappropriate

where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would contain. *Wolgin v. Simon*, 722 F.2d 389, 394–95 (8th Cir. 1983).

Plaintiff has already amended his Complaint twice (Doc. Nos. 5, 12). As noted above, Plaintiff may amend his complaint once as of right, and any subsequent amendments can be made only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). Here, Plaintiff's Motion does not attach a proposed amended complaint or indicate how he would make the complaint viable. Instead, Plaintiff seeks to add two new Defendants and include an additional retaliation cause of action. As a practical matter, the motion is deficient because it fails to attach the proposed pleading. However, the Court this same day issued a screening order on Plaintiff's operative SAC and afforded Plaintiff a final opportunity to file a third amended complaint to cure any deficiencies. Thus, the motion is granted to the extent the Court permitted Plaintiff to file a third amended complaint in this action.

Accordingly, it is **ORDERED**:

1. Plaintiff's second amended complaint (Doc. No. 12) is deemed the operative complaint in this matter.
2. The Clerk of Court is directed to strike Plaintiff's "Petition" (Doc. No. 11), "First Amended Complaint" (Doc. No. 14), "Exhibit" (Doc. No. 17), and "Supplemental Complaint and Exhibits" (Doc. No. 19) for the reasons set forth above.
3. Plaintiff's Motion to Amend (Doc. No. 18) be GRANTED to the extent Plaintiff is permitted to file a third amended complaint as directed in the screening order issued this same day.

Dated: July 24, 2023

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE