1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY LEE ALLEN JR,                  Case No.  1:22-cv-00688-HBK (PC)

12             Plaintiff,                   ORDER TO ASSIGN A DISTRICT JUDGE

13      v.                                  FINDINGS AND RECOMMENDATIONS TO
                                            DISMISS CASE[1]
14   A.W. HARRIS, et al.,
                                            (Doc. No.  26)
15             Defendants.
                                            FOURTEEN-DAY OBJECTION PERIOD
16

17         Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's Third

18   Amended Complaint.  (Doc. No. 26, "TAC").  For the reasons set forth below, the undersigned

19   recommends that the district court dismiss the TAC because it fails to state any cognizable

20   constitutional claim.

21                           **SCREENING REQUIREMENT**

22         Plaintiff commenced this action while in prison and is subject to the Prison Litigation

23   Reform Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint that seeks

24   relief against a governmental entity, its officers, or its employees before directing service upon

25   any defendant. 28 U.S.C. § 1915A.  This requires the Court to identify any cognizable claims and

26   dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon

27   _____

28   [1]This matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) and Eastern District of
     California Local Rule 302 (E.D. Cal. 2022).

1   which relief may be granted, or that seeks monetary relief from a defendant who is immune from

2   such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3       At the screening stage, the Court accepts the factual allegations in the complaint as true,

4   construes the complaint liberally, and resolves all doubts in the Plaintiff's favor.  *Jenkins v.*

5   *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

6   2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or

7   unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

8   1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual

9   basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

10      The Federal Rules of Civil Procedure require only that the complaint include "a short and

11  plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).

12  Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient

13  factual detail to allow the court to reasonably infer that each named defendant is liable for the

14  misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

15  572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

16  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

17  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not

18  required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19  statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

20  to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.

21  2009) (internal quotation marks and citation omitted).

22      If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro*

23  *se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action.

24  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of*

25  *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to advise a *pro se*

26  litigant on how to cure the defects.  Such advice "would undermine district judges' role as

27  impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at

28  1131 n.13.

**BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Before the initial complaint was screened, Plaintiff filed a first amended complaint. (Doc. No. 5, "FAC"). The undersigned screened Plaintiff's FAC and found it failed to state any cognizable claim. (*See* Doc. No. 10). Plaintiff timely filed a SAC, which he improperly designated as a "First Amended Complaint." (Doc. No. 12 at 1). Plaintiff also filed additional pleadings, including an Amended Complaint (Doc. No. 14), a Motion to Amend (Doc. No. 18), and a Supplemental Complaint (Doc. No. 19). The undersigned addressed these pleadings in a prior order, (Doc. No. 20), and deemed the improperly designated First Amended Complaint as a Second Amended Complaint ("SAC") and the operative complaint for screening. The Court screened the SAC, found it failed to state any cognizable claim, and afforded Plaintiff one final opportunity to amend his complaint before the Court recommended his case be dismissed. (Doc. No. 21 at 1).

Plaintiff timely filed a Third Amended Complaint ("TAC"). (Doc. No. 26). Plaintiff attaches to the TAC copies of five inmate requests for interview, submitted between November 16, 2021 and April 14, 2022. (*Id*. at 6-11).[2] The incidents giving rise to the TAC occurred at Sierra Conservation Center ("SCC"). (*See generally id*.). The TAC names as Defendants (1) A.W. Harris, Assistant Warden of SCC, (2) Correctional Counselor Montgomery/Wetenkamp, (3) Correctional Counselor Anda, (4) Correctional Counselor Aldava, and (5) Correctional Counselor Amescua. (*Id*. at 2, 4).

Plaintiff's TAC consists essentially of two paragraphs, which the Court quotes in full below. The first paragraph, under the section of the complaint form titled "Defendants" states:

> In the Title 15, And that was documented in the Courts and Anda basicly [sic] assisted As well as Aldava And Amescua.  They all

---

[2] The Court's review is limited to the complaint, exhibits attached, and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). While the Court accepts the factual allegations in the TAC as true, it need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *See Mullis v. United States Bankr.Ct.,* 828 F.2d 1385, 1388 (9th Cir.1987); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

had intentions on violateing [sic] my civil rights and basicly [sic]
not leting [sic] me go to fire camp stateing [sic] I was to [sic]
violent without fact, I had one write up for a mutual combat that
was not my fault but that did not give them the right to violate my
rights.  And now indirect retaliation is being imployed [sic] because
of this complaint.  Everywhere I go.  I enclosed certian [sic] request
to show the process of discrimination as well as the 602's I
submitted.

(*Id*. at 3).  Under the section for "Supporting Facts" the TAC states as follows:

I was discriminated against.  My due process rights were violated by
Mr. Harris and CCI Montgomery/Wetenkamp.  Montgomery which
was not even my consolor [sic] at the time went in my file and
conducted a premature hearing without me knowing or present and
Mr. Harris Denide [sic] my gate pass without following any
guideline.

(*Id*. at 4).  As relief, Plaintiff seeks $100,000 from each Defendant for lost wages he claims he
would have earned from participating in fire camp, plus $50,000 in compensatory damages for
"mental and physical suffering."  (*Id*. at 5).

<div align="center">

**APPLICABLE LAW AND ANALYSIS**

</div>

### A.  Rule 8

To be plausible, a complaint must provide sufficient factual detail for the Court to infer
that each Defendant is liable for the alleged constitutional violations.  *Iqbal*, 556 U.S. at 678;
*Moss*, 572 F.3d at 969.  A court does not have to accept as true conclusory allegations,
unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council*, 643 F.2d at
624.  Here, although Plaintiff's TAC is relatively short, it is not a plain statement of his claims.
As a basic matter, the TAC does not clearly state what happened, when it happened or who was
involved.  Plaintiff's allegations must be based on facts as to what happened and not conclusions,
such as claiming that "all [Defendants] had intentions on violating [Plaintiff's] civil rights . . ."
(Doc. No. 26 at 3).

Further, Plaintiff attaches six pages of exhibits to the TAC in an apparent attempt to
bolster his claims without specifying how they support his claims.  Plaintiff states only, "I
enclosed certain request [sic] to show the process of discrimination as well as the 602's I
submitted."  (*Id*.).  The Court will not sift through Plaintiff's exhibits to identify instances of

1   purported discrimination or determine what role each Defendant played in the alleged violation of

2   Plaintiff's rights.  *See, e.g., Chiprez v. Warden*, 2021 WL 11491547, at *2 (E.D. Cal. July 14,

3   2021) ("Plaintiff must refer to the exhibits specifically for allegations he seeks the court to

4   review.  Plaintiff must set forth what each defendant did or failed to do that led to the violation of

5   his constitutional rights.  The Court will not scour Plaintiff's exhibits . . . to find a constitutional

6   claim.").

7        Plaintiff's allegations are rambling and conclusory.  He does not state any facts or connect

8   any alleged claims or acts of wrongdoing to any listed Defendant.  No Defendant could be

9   reasonably expected to understand from the TAC how he or she is alleged to have violated

10   Plaintiff's rights.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (observing that the

11   purpose of the complaint is to "give the defendant fair notice of what the plaintiff's claim is and

12   the grounds upon which it rests") (internal quotation marks and citations omitted).

13        Because Plaintiff's TAC fails to set forth in short and plain statements facts plausibly

14   entitling him to relief, it violates Rule 8 and thus fails to state a claim.

15        **B.  Due Process Violation**

16        The Due Process Clause of the Fourteenth Amendment protects persons against

17   deprivations of life, liberty or property.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Those

18   who seek to invoke the procedural protections of the Due Process Clause must establish that one

19   of these interests is at stake.  *Id*.  "A liberty interest may arise from the Constitution itself . . ., or

20   it may arise from an expectation or interest created by state laws or policies."  *Id*.

21        It is well settled that prisoners have no constitutional right to a particular classification

22   status, even if the classification status results in a loss of privileges.  *Moody v. Daggett*, 429 U.S.

23   78, 88 n. 9 (1976) (expressly rejecting claim that prisoner classification and rehabilitative

24   programs invoked due process protections); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th

25   Cir. 1987) (agreeing inmate had no constitutional right to particular classification status and

26   further finding no independent right under state law).  This is because decisions regarding an

27   inmate's classification level or where to house inmates are at the core of prison administrators'

28   expertise.  *McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum v. Fano*, 427 U.S. 215, 225

1   (1976)); *see also Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).

2       In 2002, the California Legislature enacted Penal Code section 2933.3, which permits

3   inmates assigned to fire camps to "earn two days of worktime credit for every one day of service"

4   for work performed after January 1, 2003. Regulations adopted in the wake of this change

5   established a new work group F, for inmates assigned to "full-time conservation camp work,"

6   who "shall be awarded two days credit for each day of qualifying performance." 15 Cal.Code

7   Regs. § 3044(b)(1). "[A]ll assignments or reassignments of an inmate to a work/training

8   incentive group shall be made by a classification committee in accordance with this section." *Id*.;

9   *see also* DOM §§ 51130.8 (Classification Committee evaluates escape potential when considering

10  camp placement), 62010.3.2 (duties of Associate Warden, member of Classification Committee,

11  include approval of camp placement), 62010.8 (duties of Institution Classification Committees

12  include program participation and transfer) & 62010.8.4 (duties of Unit Classification Committee

13  (UCC) include program and transfer); *see also Basque v. Schwartz*, 2010 WL 120764, at *2 (E.D.

14  Cal. Jan. 7, 2010).

15      Liberally construed, Plaintiff alleges that prison officials violated his due process rights by

16  holding a classification committee hearing without his participation and issuing a decision which

17  resulted in him being denied participation in fire camp and access to a gate pass. (*See* Doc. No.

18  26). However, it is well-settled that inmates do not have a liberty interest in participation in

19  prison work or rehabilitative programs, such as fire camp. *See Moody*, 429 U.S. at 88 n. 9;

20  *Hernandez*, 833 F.2d at 1318. Therefore, no due process rights attached to a classification

21  committee decision regarding Plaintiff's eligibility for fire camp. Even if prison officials did not

22  fully comply with the procedures set forth in Title 15 regarding classification committee decisions

23  for work camp eligibility, which the TAC has not alleged with any specificity, there is no federal

24  constitutional liberty interest in compliance with state prison regulations. *Solomon v. Felker*,

25  2013 WL 5375538, at *12 (E.D. Cal. Sept. 24, 2013) ("Plaintiff's allegation that the defendants

26  failed to adhere to the prison's own institutional policies and procedures does not, by itself" give

27  rise to a constitutional violation); *Sandin v. Conner*, 515 U.S. 472, 481–82, (1995) (recognizing

28  prison regulations are "primarily designed to guide correctional officials in the administration of a

1  prison" and are "not designed to confer rights on inmates"); *Hovater v. Robinson*, 1 F.3d 1063,

2  1068 n. 4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to

3  a constitutional violation."); *see also Armstrong v. Warden of USP Atwater*, 2011 WL 2553266,

4  at *8 (E.D. Cal. June 24, 2011) (citing same).  Thus, Plaintiff cannot establish a liberty interest

5  associated with the classification change denying him participation in Work Group F, and thus the

6  TAC fails to state a Fourteenth Amendment due process violation.

7  <center>**FINDINGS AND RECOMMENDATION**</center>

8  Plaintiff has had multiple opportunities to cure the deficiencies in his initial complaint,

9  including filing four amended complaints (two of which were stricken as procedurally defective).

10  (*See* Doc. Nos. 5, 12, 14, 26).  In two prior screening orders, (Doc. No. 10, 21), the Court

11  instructed Plaintiff on the applicable law and pleading requirements.  Despite affording Plaintiff

12  multiple opportunities to correct the deficiencies in his original Complaint, the TAC fails to

13  adequately state any plausible § 1983 claim.  The undersigned finds any further leave to amend

14  would be futile. This is Plaintiff's third attempt at filing a cognizable complaint and he is no

15  closer to meeting the federal pleading standards.  Thus, the undersigned recommends the district

16  court dismiss the TAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th

17  Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to

18  deny leave to amend is particularly broad where court has afforded plaintiff one or more

19  opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir.

20  1991) (A district court can deny leave "where the amendment would be futile . . . or where the

21  amended complaint would be subject to dismissal").

22  Accordingly, it is hereby **ORDERED**:

23  The Clerk of Court is directed to assign a district judge to this case.

24  It is further **RECOMMENDED**:

25  The TAC be dismissed under § 1915A for failure to state a claim and the action be

26  dismissed.

27  <center><u>NOTICE TO PARTIES</u></center>

28  These findings and recommendations will be submitted to the United States district judge

<center>7</center>

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    December 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

8