**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY LEE ALLEN JR.,<br><br>Plaintiff,<br><br>v.<br><br>A.W. HARRIS, et al.,<br><br>Defendants. | Case No. 1:22-cv-0688 JLT HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 31) |

Anthony Lee Allen sought to hold the defendants liable for violations of his civil rights pursuant to 42 U.S.C. § 1983.  The Court found Plaintiff failed to state a cognizable claim and dismissed the complaint without leave to amend.  (Docs. 28, 29.)  The Court entered judgment on January 4, 2024.  (Doc. 30.)

On January 18, 2024, Plaintiff filed a "Motion to Alter or Amend Judgment." (Doc. 31.) Plaintiff asks the Court to reconsider an unspecified order, stating: "I ask the Court alter or amend this judgement based on odd[s] being stacked against me. I was unable to meet legal deadlines and properly address certain motions based on my mail being tampered with . . ." (*Id*. at 1.) The Court infers that Plaintiff seeks reconsideration order adopting the magistrate judge's Findings and Recommendations and dismissing the case. Because the motion was filed within 28 days of the order, the Court construes the motion as made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e).

Rule 59(e) permits a party to move a court to alter or amend its judgment.  "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted) (emphasis in original). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior order. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted).

Plaintiff does not dispute the underlying facts and analysis concerning his failure to state a cognizable claim, which formed the basis of the Court's order dismissing the action. (*See generally* Docs. 29, 31.) Rather, liberally construed, Plaintiff appears to contend that due to mail tampering he was unable to timely file unspecified pleadings that would have prevented dismissal of his case.  (Doc. 31.) In effect, Plaintiff contends that the Court should grant reconsideration based on excusable neglect.

However, "mistake or excusable neglect" is not a recognized basis for Rule 59(e) reconsideration. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (recognizing manifest error of law or fact, newly discovered evidence or previously unavailable evidence,

manifest injustice, and intervening change in controlling law as cognizable grounds for Rule 59(e) reconsideration); *see also Mendoza v. Garland*, 2023 WL 6050581, at *2 (S.D. Cal. Sept. 15, 2023) (denying Rule 59(e) motion based on mistake or excusable neglect). Although Plaintiff claims his mail tampered with, Plaintiff does not set forth any discernible basis as to how the alleged tampering affected his case. Indeed, Plaintiff timely filed the amended complaint that the Court screened and found was not cognizable. It is unclear why Plaintiff's alleged inability to file an unspecified pleading warrants reconsideration of the Court's determination that the failed to state a claim, and that further leave to amend was futile.

Moreover, Plaintiff does not allege facts that support a conclusion that manifest injustice would result if the Court denied the motion. "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018); *see also In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Banks. C.D. Cal. 2003) (citing Black's Law Dictionary 563 (7th ed. 1999)) (defining manifest injustice under Rule 59(e)). "Manifest injustice," as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue. *All. for Wild Rockies v. United States Forest Serv.*, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020). Because Plaintiff did not identify any facts to indicate a "direct, obvious and observable" error in the trial court that constitute manifest injustice, he fails to meet his burden to justify reconsideration on that basis.

Ultimately, Plaintiff fails to present any newly discovered evidence, show the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment. *Wood*, 759 F.3d at 1121. Rather, Plaintiff merely contends he was unable to timely file some unspecified pleading that would have prevented dismissal, which is too vague to establish good cause for reconsideration. *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion"), citing *U.S. ex rel. Becker v. Westinghouse Savannah*

*River Co.*, 305 F.3d 284, 290 (4th Cir. 2002); *see also Mendoza*, 2023 WL 6050581 at *2. Thus, Plaintiff has not established "extraordinary circumstances" under Rule 59 sufficient to warrant reconsideration of the dismissal order. Accordingly, the Court **ORDERS**:  Plaintiff's motion to alter or amend the judgment (Doc. 31) is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 12, 2024**

                                                                                 UNITED STATES DISTRICT JUDGE